**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN J. RADICH, III, | : | |
| | : | |
| Petitioner, | : | Civil Action No.: 03-4615(WHW) |
| | : | |
| v. | : | |
| | : | |
| ATTORNEY GENERAL OF THE | : | **O P I N I O N** |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

John J. Radich, III, <u>Pro</u> <u>Se</u>
DN-#2747/SBI#-199486B
Adult Diagnostic and Treatment
    Center
P.O. Box 190
8 Production Way (8-Right)
Avenel, NJ 07001

Simon Louis Rosenbach
Middlesex County
Prosecutor's Office
25 Kirkpatrick Street
New Brunswick, NJ 08901
Attorney for Respondents

**WALLS**, District Judge

Petitioner, John J. Radich, III, filed the within petition
for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The
Court has considered all submissions.  For the reasons set forth
below, the Petition will be denied.

## BACKGROUND

Petitioner was accused of continually molesting his six-year-old stepdaughter over a period of two years.  The abuse consisted of cunnilingus and the use of pornographic movies. Petitioner would masturbate to pornographic movies in the victim's presence, and tell her, "kiss me, it makes me hornier." After molestation acts with the victim, Petitioner would tell the victim not to tell anybody because he would get into a lot of trouble, and that if she told, he would kill her mother.

Petitioner's relationship with the victim's mother was abusive physically and mentally.  The victim often witnessed Petitioner abusing her mother, and was afraid of him.  When Petitioner's wife left Petitioner to enter a battered women's shelter, the victim confided in her grandmother about the abuse. The grandmother contacted the authorities and the victim made a statement against Petitioner.  The victim's mother believed the victim's accusations, because Petitioner would tell her the same phrase about kissing him while he masturbated.[1]

On December 4, 1992, a Middlesex County Grand Jury indicted the petitioner on twelve counts, including:  aggravated assault, contrary to N.J.S.A. 2C:14-2a (counts one and two); sexual assault, contrary to N.J.S.A. 2C:14-2b (counts three and four);

---

[1]    This factual background, which is not all-inclusive, was taken from various documents in the state court record provided by Respondents.

2

endangering the welfare of a child, contrary to N.J.S.A. 2C:24-4a (counts five through eight); lewdness, contrary to N.J.S.A. 2C:14-4a (counts nine and ten); and terroristic threats, contrary to N.J.S.A. 2C:12-3a (counts eleven and twelve).  Counts six and eight were dismissed during trial.

Between February 27 and March 6, 1996, the petitioner was tried by a jury in the Superior Court of New Jersey, Law Division, Middlesex County ("Law Division").  The State presented the victim, the victim's mother, the victim's grandmother, an investigator, and a doctor as witnesses.  Petitioner chose not to testify on his own behalf, and defense counsel presented no witnesses.  The jury found the petitioner guilty on all remaining counts of the indictment.  On June 10, 1996, the petitioner appeared for sentencing and was sentenced to forty-two years imprisonment, pursuant to an extended term.

Petitioner appealed his conviction and sentence.  In a ten-page per curiam decision dated September 22, 1997, the Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed the conviction, but remanded the matter for resentencing.  (State v. J.R., A-7360-95T4 (Sept. 22, 1997)). Petitioner's petition for certification was denied by the New Jersey Supreme Court ("Supreme Court").  (State v. J.R., 152 N.J. 365 (1998)).

On March 19, 1998, Petitioner was resentenced pursuant to the Appellate Division's direction to concurrent terms aggregating thirty years, to be served at the Adult Diagnostic and Treatment Center.  Petitioner did not appeal the resentence.

On March 13, 2000, Petitioner filed a motion for Post-Conviction Relief ("PCR") in the trial court.  The motion argued ineffective assistance of trial counsel.  The judge denied petitioner's request for an evidentiary hearing, finding that petitioner had not made a prima facie case of ineffective assistance of trial counsel.

The petitioner appealed the denial, and on March 22, 2002, the denial was affirmed by the Appellate Division.  (State v. J.R., A-6675-99T4 (Mar. 22, 2002)).  It is unclear whether or not Petitioner petitioned the Supreme Court for certification.

The instant petition was received on September 23, 2003 and was filed on June 20, 2003.[2]  On October 21, 2003, the respondents filed a letter brief in response to the Petition.[3]

---

[2]  Petitioner had previously filed a petition for a writ of habeas corpus, docketed as Radich v. Atty General of New Jersey, 03-776 (WHW).  That petition, originally filed on April 1, 2003, was withdrawn by the petitioner after he received notice pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  Petitioner thereafter filed this instant, all-inclusive petition.

[3]  Although respondents filed their submission on December 8, 2003, the Court was unaware of this due to the format of the submission.  Although the Court had ordered an Answer to the Petition, respondents filed a letter brief which did not respond to the factual and legal allegations of the Petition by each paragraph and subparagraph, and did not assert appropriate

4

## PETITIONER'S CLAIMS

Although Petitioner does not clearly list his arguments for habeas relief, the Court construes the arguments as follows:

1. Petitioner's sentence as a persistent offender to an extended term violates the ex post facto clause, and is excessive.
2. The prosecutor's summation exceeded the bounds of propriety.
3. Trial Court error: The trial court erred by ruling that petitioner's prior convictions were admissible to attack his credibility. Petitioner was denied a fair trial due to elicitation of testimony concerning his prior convictions.
4. Petitioner was denied the effective assistance of counsel at trial and sentencing— witnesses were not called forth in his case, his counsel did not cross-examine effectively, and did not advocate for a more lenient sentence.

See Petition for Writ of Habeas Corpus, ¶ 12.

It appears that Petitioner has raised the instant claims before the New Jersey state courts. To the extent that Petitioner has not raised the claims before the state courts, this Court finds that they are meritless, and will excuse the exhaustion requirement. See 28 U.S.C. § 2254(b)(1), (2).

---

defenses, and which did not comply with the Rules Governing Section 2254 Cases in District Court. Therefore, the submission was docketed as "Exhibits w/cover letter from the State Court submitted w/out and Answer." After court staff investigated the matter, on May 25, 2005 the submission was docketed as a response to the petition.

### DISCUSSION

**A.   Standards Governing Petitioner's Claims.**

Section 2254 of Title 28, United States Code, provides that
the district court "shall entertain an application for a writ of
habeas corpus in behalf of a person in custody pursuant to the
judgment of a State court only on the ground that he is in
custody in violation of the Constitution or laws or treaties of
the United States."  28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and
Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), federal
courts in habeas corpus cases must give considerable deference to
determinations of the state trial and appellate courts.  See
Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied 534
U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir.
1996)(citing Parke v. Raley, 506 U.S. 20, 36 (1992)).

Section 2254(d) sets the standard for granting or denying a
writ of habeas corpus.  The statute reads as follows:

> (d) An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the judgment
> of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim-
>
>> (1) resulted in a decision that was contrary
>> to, or involved an unreasonable application
>> of, clearly established Federal law, as
>> determined by the Supreme Court of the United
>> States; or
>>
>> (2) resulted in a decision that was based on
>> an unreasonable determination of the facts in

6

> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

In <u>Williams v. Taylor</u>, 529 U.S. 362, 412-13 (2000), the
Supreme Court explained the application of § 2254(d)(1).  The
Court analyzed subsection 1 as two clauses:  the "contrary to"
clause and the "unreasonable application" clause.  The Court held
that under the "contrary to" clause, "a federal court may grant
the writ if the state court arrives at a conclusion opposite to
that reached by [the Supreme] Court on a question of law or if
the state court decides a case differently than [the Supreme]
Court has on a set of materially indistinguishable facts."  <u>Id.</u>
A federal court may grant the writ under the "unreasonable
application" clause, if "the state court identifies the correct
governing legal principle from [the Supreme] Court's decisions
but unreasonably applies that principle to the facts of the
prisoner's case."  <u>Id.</u> at 413.  Habeas relief may not be granted
under the "unreasonable application" clause unless a state
court's application of clearly established federal law was
objectively unreasonable; an incorrect application of federal law
alone is not sufficient to warrant habeas relief.  <u>See id.</u> at
411; <u>see also</u> <u>Werts v. Vaughn</u>, 228 F.3d 178, 197 (3d Cir. 2000),
<u>cert. denied</u>, 532 U.S. 980 (2001); <u>Matteo v. Superintendent, SCI
Albion</u>, 171 F.3d 877, 891 (3d Cir.), <u>cert. denied</u>, <u>Matteo v.
Brennan</u>, 528 U.S. 824 (1999).  Thus, the federal court must

decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent. See Werts, 228 F.3d at 197; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

With regard to 28 U.S.C. § 2254(d)(2), a federal court must confine its examination to evidence in the record. See Abu-Jamal v. Horn, 2001 WL 1609690, at *12 (E.D. Pa. December 18, 2001). In addition, the state court record should be reviewed to assess the reasonableness of the state court's factual determinations. See id. Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court." Id.; see also 28 U.S.C. § 2254(e)(1). The Court of Appeals for the Third Circuit has ruled that this presumption of correctness can be overcome only by clear and convincing evidence. See Duncan v. Morton, 256 F.3d 189, 196 (3d Cir. 2001)(citing 28 U.S.C. § 2254(e)(1)). "A finding that is well-supported and subject to the presumption of correctness is not unreasonable." Abu-Jamal, 2001 WL 1609690 at *12 (citing Duncan, 156 F.3d at 198).

Furthermore, federal habeas courts ordinarily refrain from revisiting credibility determinations as "it would be wholly inappropriate for a federal court to repastinate soil already thoroughly plowed and delve into the veracity of the witnesses on

8

habeas review." <u>Sanna v. Dipaolo</u>, 265 F.3d 1, 10 (1st Cir. 2001). A habeas petitioner therefore "must clear a high hurdle before a federal court will set aside any of the state court's factual findings." <u>Mastracchio v. Vose</u>, 274 F.3d 590, 597-98 (1st Cir. 2001).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. <u>See Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A <u>pro se</u> habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. <u>See Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).

**B.    Claims Regarding State Sentence.**

Petitioner claims that his sentence was excessive, and that he should not have been given an extended term. He also claims that the extended term and Megan's Law, New Jersey's sex offender statute, should not be applied to his case and are <u>ex post facto</u> applications.

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies." <u>See Crecco v. O' Lone</u>, 661 F. Supp.

9

408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted).  The Supreme Court has identified three factors that may be relevant to a determination of whether a sentence is so disproportionate to the crime committed that it violates the Eighth Amendment:  "(1) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."  Solem v. Helm, 463 U.S. 277, 292 (1983).  More recently, Justice Kennedy has explained that Solem does not mandate comparative analysis within and between jurisdictions, see Harmelin v. Michigan, 501 U.S. 957, 1004-05 (Kennedy, J., concurring in part and concurring in judgment), and he has identified four principles of proportionality review--"the primacy of the legislature, the variety of legitimate penological

10

schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"--that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime," id. at 1001 (citation omitted) quoted with approval in Ewing, 538 U.S. at 23.  Here, Petitioner was convicted of two counts of first degree aggravated assault and two counts of second degree sexual assault, amongst other charges.  Any sentencing error that may have occurred is a matter of state law and does not rise to a level of disproportionality that violates the Eighth Amendment.

Nor does the application of the extended term to Petitioner violate the ex post facto clause of the First Amendment, as the section applied to Petitioner was in effect at the time of Petitioner's sentencing.  In fact, Petitioner's PCR counsel noted in his brief that defense counsel's ex post facto objection to the extended term was in error.

As the issues raised by Petitioner are matters of state law, and because the Court finds no constitutional violations, these claims must be denied.

## C.   **Claims Regarding Prosecutorial Misconduct**

Petitioner claims that during summation, the prosecutor attempted to convince the jury that they should believe the

11

victim's version of events. In particular, the prosecutor stated
that "it's obvious" that the victim was telling the truth, and
stated:

> Because if you believe she's lying, if you believe
> she's making this up, then we ought to send her out
> right now to Hollywood, because that was one of the
> best performances I've ever seen in my life. That
> little girl wasn't lying. That little girl couldn't
> lie to you in such a way.

(Trial Transcript, 3/5/96, at pp. 44-45). Petitioner also
objects to the prosecutor's conclusion during his summation,
where he stated:

> Go in and decide this case without passion, without
> prejudice, without emotion; but consider everything
> you've heard in this case. [The victim] cries out one
> more time. This time she cries out for justice. You
> are the only ones that can satisfy that cry. I ask you
> now to deliberate and find the defendant guilty of all
> the charges in this indictment.

(Trial Transcript, 3/5/96, at p. 58).

The Appellate Division examined these comments by the
prosecutor and stated that although they did not "condone the
prosecutor's comments complained of," that "considering that
absence of any objection thereto as well as the entire context of
the summation, we are convinced the prosecutor's summation was
not 'so egregious that it deprived defendant of a fair trial.'"

Under United States Supreme Court precedent, where a
prosecutor's opening or closing remarks are challenged in habeas,
"[t]he relevant question is whether the prosecutor's comments 'so
infected the trial with unfairness as to make the resulting

conviction a denial of due process.'" <u>Darden v. Wainwright</u>, 477
U.S. 168, 181 (1986) (quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S.
637 (1974)).  In evaluating the likely effect of improper
comments, a court may consider whether the improper comments were
invited by or responsive to prior comments by opposing counsel.
<u>Darden</u>, 477 U.S. at 181-82.  Thus, "Supreme Court precedent
counsels that the reviewing court must examine the prosecutor's
offensive actions in context and in light of the entire trial,
assessing the severity of the conduct, the effect of the curative
instructions, and the quantum of evidence against the defendant."
<u>Moore v. Morton</u>, 255 F.3d 95, 107 (3d Cir. 2001).

        In the instant case, the prosecutor's comments were not so
offensive as to infect the entire trial, violate due process, or
render his conviction unfair.  There was sufficient evidence to
convict Petitioner, which was weighed by the jury.  In light of
the entire trial and with the evidence against Petitioner, the
Court is satisfied that the prosecutor's allegedly offensive
actions did not violate Petitioner's right to a fair trial.

        Further, the trial judge made clear in instructing the jury
that they were the trier of facts.  The trial judge charged:

>        As we come to the conclusion of the case, ladies
>    and gentlemen, I need to talk to you about what is not
>    evidence.  As you have heard, the opening remarks of
>    Counsel, and I think I told you during their opening
>    remarks, that they would be suggesting to you, was
>    [sic] going to be proven, the opening remarks of the
>    attorney are not evidence.  Similarly, the closing
>    remarks of the attorneys are not evidence.  That is to

say, the attorneys, as they talk about the evidence,
that's been introduced, recapitulated, they summarize
it, they may restate the evidence, synopsize some
parts, or all of it.  But they're not adding any
evidence as they talk to you about their
recapitulation.  They are arguing to persuade you to
find in favor of the position that they espouse.

(Trial Transcript, 3/5/96 at pp. 70-71).

Thus, even assuming that the prosecutor's remarks were
improper, the judge's instruction was clear and correct and
prevented the prosecutor's remarks from so infecting the trial
with unfairness as to make the resulting conviction a denial of
due process.

Further, Petitioner has not demonstrated that the actions of
the state courts "resulted in a decision that was contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States," or "resulted in a decision that was based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding."  Accordingly, this
ground for a writ of habeas corpus will be denied.

**D.   Claim Regarding Trial Court Error.**

Petitioner also argues that he was denied his right to a
fair trial as a result of the elicitation of testimony by the
prosecutor that connected petitioner with prior criminal conduct.
In particular, when the victim's mother was testifying, the
prosecutor asked her if she specifically questioned the victim as

14

to whether anything of a sexual nature was going on between her
and the petitioner.  The victim's mother stated that she did ask.
The prosecutor then asked:  "What made you ask her that?"  To
which the victim's mother replied:  "His background."  (Trial
Transcript, 2/29/96 at p. 35).  Defense counsel did not object.
Petitioner argues that this "elicitation" was inadmissible and
prejudicial, as it connected him with prior criminal conduct.

The Appellate Division examined this claim and found:

As far as we can discern, the witness' reference to
"[defendant's] background" was not anticipated by the
prosecutor, was fleeting and not thereafter referred
to.  Moreover, to the extent the jury might have drawn
an inference that defendant had a prior record, they
were to find that out, in any event, when he testified.
Further, no objection was made, we do not think it was
"clearly capable of producing an unjust result," and
any error was plainly harmless as the evidence was
otherwise overwhelming.  We are convinced the fleeting
comment had nothing to do with the verdict.

(State v. J.R., A-7360-95T4 (Sept. 22, 1997) at p. 4).[4]

Additionally, Petitioner claims that the trial court erred
in ruling that his prior convictions were admissible to attack
credibility.  The Appellate Division was presented this claim on
direct appeal and found that it was "entirely without merit and
requires no further opinion."

With respect to Petitioner's claims in his habeas petition
that the trial court erred in admitting the above-described

_____

[4]  The Court notes that the Appellate Division referenced
petitioner's testimony in error; the petitioner did not testify
on his own behalf.

testimony, it has been held that federal courts must afford the
states deference in their determinations regarding evidence and
procedure.  See Crane v. Kentucky, 476 U.S. 683, 690
(1986)(stating "we have never questioned the power of the States
to exclude evidence through the application of evidentiary rules
that themselves serve the interests of fairness and reliability,
even if the defendant would prefer to see that evidence
admitted").  It is well-established that "a state court's
misapplication of its own law does not generally raise a
constitutional claim.  The federal courts have no supervisory
authority over state judicial proceedings and may intervene only
to correct wrongs of constitutional dimension."  Smith v. Horn,
120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert.
denied, 522 U.S. 1109 (1998).

Assuming, arguendo, that the trial judge did err under state
law in allowing the testimony, a state's misapplication of its
own law may constitute a violation of due process only in "rare"
cases.  See id. ("when that misapplication has the effect of
depriving a person of life, liberty, or property without due
process of law in violation of the Fourteenth Amendment, the
resulting federal constitutional error can be corrected by a
federal habeas court").  Evidentiary rulings may violate due
process when the petitioner "was denied fundamental fairness at
trial."  Hutchins v. Hundley, 1991 WL 167036 at *4 (D.N.J. Aug.

16

22, 1991)(Wolin, J.)(citations omitted); see also Kontakis v.
Beyer, 19 F.3d 110, 120 (3d Cir.), cert. denied, 513 U.S. 881
(1994); Lisenba v. California, 314 U.S. 219, 228, 236
(1941)(holding that state court's evidentiary rulings may form
the basis for habeas relief when they "so infused the trial with
unfairness as to deny due process of law").

The appropriate inquiry is "whether the claimed error of law
is a fundamental defect which inherently results in a complete
miscarriage of justice or in an omission inconsistent with the
rudimentary demands of fair procedure."  Hutchins, 1991 WL 167036
at *4 (citing United States v. De Luca, 889 F.2d 503, 506 (3d
Cir. 1989), cert. denied, 496 U.S. 939 (1990))(other citations
omitted).  The Supreme Court has further stated that "an
otherwise valid conviction should not be set aside if the
reviewing court may confidently say on the whole record that the
constitutional error was harmless beyond a reasonable doubt."
Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986).  An error is
not harmless if "it aborts the basic trial process or denies it
altogether."  Hutchins, 1991 WL 167036 at *5 (citing Rose v.
Clark, 478 U.S. 570, 578 n.6 (1986)).

In the instant case, this Court finds that Petitioner's case
is not the "rare" instance where evidentiary rulings have
violated his rights to due process.  No objection was made to the
statements challenged by Petitioner.  A review of the whole

17

record demonstrates that the trial process was fundamentally fair. The comment by the State's witness referring to Petitioner's "background" was not so egregious as to result in a complete miscarriage of justice- the comment did not specifically refer to a criminal background, and could have been perceived in other ways by jurors. In fact, it is not clear that the witness was referring to Petitioner's criminal background when making the comment. She could have been referring to his background of abuse towards her, or his sexual preferences, or some other factor in his background. Regardless, this Court finds no violation of Petitioner's due process rights due to the comment.

Furthermore, Petitioner's argument that the trial court permitted the State to use Petitioner's prior convictions for impeachment purposes because they are too remote is without merit. Petitioner's prior convictions occurred in 1982 (possession of controlled dangerous substance), and 1988 (theft and criminal mischief). The trial court ruled that if Petitioner were to testify, both convictions would be admissible, and that neither conviction was too remote.

Under both New Jersey state law, and Federal law, it is within the trial court's discretion to allow defendants to be impeached by prior criminal convictions. <u>See</u> Fed. R. Evid. 609 (evidence that accused has been convicted of a crime admissible to attack credibility if court finds probative value outweighs

18

prejudicial effect); N.J. R. Evid. 609 (evidence of prior conviction of accused admissible to impeach unless it is too remote); State v. Sands, 76 N.J. 127, 144-45 (1979)(broad discretion to trial judge to determine remoteness; trial judge "must balance the lapse of time and the nature of the crime to determine whether the relevance with respect to credibility outweighs the prejudicial effect to the defendant"). As it was within the trial court's discretion to determine whether or not Petitioner's prior convictions were too remote to be used for impeachment purposes, this Court finds no constitutional violation.

Further, the state court determinations have not "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Accordingly, this ground for a writ of habeas corpus will be denied.

**E.    Claim Regarding Ineffective Assistance of Counsel.**

Petitioner claims that his trial counsel was ineffective, in that he did not cross-examine witnesses effectively, and did not advocate for a shorter sentence, or against an extended term. Petitioner also states that his attorney did not call witnesses

19

on his behalf, including the social worker who interviewed the
victim.

In <u>Strickland</u>, the Supreme Court held that in order to
establish that trial counsel is ineffective, the petitioner must
show that "counsel's performance was deficient," in that "counsel
made errors so serious that counsel was not functioning as
'counsel' guaranteed . . . by the Sixth Amendment," and "that the
deficient performance prejudiced the defense." <u>Id.</u> at 687.  In
order to establish prejudice, the defendant must show "a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been different."
<u>State v. Fritz</u> , 105 N.J. 42, 60-61 (1997)(quoting <u>Strickland</u>,
466 U.S. at 694).  "In any case presenting an ineffectiveness
claim, the performance inquiry must be whether counsel's
assistance was reasonable considering all the circumstances."
<u>Strickland</u>, 466 U.S. at 688.  The Supreme Court further
explained:

> Judicial scrutiny of counsel's performance must be
> highly deferential. It is all too tempting for a
> defendant to second-guess counsel's assistance after
> conviction or adverse sentence, and it is all too easy
> for a court, examining counsel's defense after it has
> proved unsuccessful, to conclude that a particular act
> or omission of counsel was unreasonable.  A fair
> assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of
> hindsight, to reconstruct the circumstances of
> counsel's challenged conduct, and to evaluate the
> conduct from counsel's perspective at the time. Because
> of the difficulties inherent in making the evaluation,
> a court must indulge a strong presumption that

> counsel's conduct falls within the wide range of
> reasonable professional assistance; that is, the
> defendant must overcome the presumption that, under the
> circumstances, the challenged action "might be
> considered sound trial strategy."

Id. at 689 (citations omitted); see also Virgin Islands v.
Wheatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996), cert. denied 519
U.S. 1020 (1996).

Petitioner's arguments that his counsel was ineffective in
violation of the Sixth Amendment are without merit.  Petitioner
fails to show that the result of his case would have been
different had counsel more vigorously cross-examined the victim.
See Strickland, 466 U.S. at 688; Fritz , 105 N.J. 60-61.  In
fact, at the time of the trial, the victim was an eleven-year-old
child.  It is certainly feasible that counsel would not want to
vigorously cross-examine a child claiming to be the victim of
abuse before a jury.  Also, this Court notes that a review of the
record indicates that counsel adequately cross-examined the
victim, asking her about inconsistencies between her statement to
the police and her direct testimony, and eliciting information to
establish that she could have fabricated the accusations against
Petitioner due to her knowledge of sex and her witnessing her
mother and Petitioner in certain situations.  Petitioner has not
overcome the strong presumption that counsel's actions were trial
strategy.  See id. at 689.

21

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The petition for a writ of habeas corpus, is therefore denied.

### CONCLUSION

For the foregoing reasons, Petitioner's application for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is hereby **DENIED.** An appropriate Order accompanies this Opinion.

The Court further finds that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253.

WILLIAM H. WALLS
United States District Judge

Dated: *Aug. 31* , 2005